UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TINA DENISE KIDD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-1733-B |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION and SETERUS INC. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (doc. 4) filed by Defendants Federal National Mortgage Association and Seterus Inc., f/k/a Lender Business Process Services, Inc. on June 11, 2012. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

## I.

## BACKGROUND[1]

Plaintiff Tina Kidd owned property located at 1430 Levee Lane, Cedar Hill, Texas 75104 (the "Property"). Doc. 2-2, Original Pet. ¶ 5. On July 5, 2007 Plaintiff executed a promissory note (the "Note") to Allied Home Mortgage Capital Corporation ("Allied"), which was secured by a Deed of Trust. *Id.* ¶ 6. Allied was named as the lender in the Note and Deed of Trust. *Id.*

On April 28, 2010, Dallas County Clerk records allegedly indicate an appointment of a

---

[1] The Court draws its factual account from the allegations contained in Kidd's Original Petition. Doc. 2-2, Original Pet. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that, when considering a motion to dismiss pursuant to Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true").

substitute trustee, Chase Home Finance, LLC ("Chase"). *Id.* ¶ 7. There was no recorded assignment of the Note or Deed of Trust from Allied to Chase. *Id.* On January 19, 2012, records indicate a second appointment of a substitute trustee, Federal National Mortgage Association ("Fannie Mae"). *Id.* ¶ 8. There was no recorded transfer of the Note or Deed of Trust from Allied or Chase to Fannie Mae. *Id.* The Notice of Sale for the Property indicates that the current mortgagee is Fannie Mae. *Id.* ¶ 9.

Kidd challenges the validity of the assignments made by Allied and Chase as well as Fannie Mae's attempt to foreclose on the Property. Kidd believes that Defendant Fannie Mae failed to give proper notice of the transfers of the Property's Note and Deed of Trust, that it failed to timely record the transfers, and that the Note was improperly pooled. *Id.* ¶¶ 8, 12. She thus alleges that Allied had no right to assign the Note to Defendant Fannie Mae. *Id.* ¶ 17. Kidd contends that she fears being subject to multiple liabilities to Allied, Chase, and Fannie Mae. *Id.* ¶ 18. She also alleges that Fannie Mae has already been reimbursed for all amounts due under the Note when the Note was securitized pursuant to a Pooling and Servicing Agreement. *Id.* ¶ 11. She thus concludes that Fannie Mae is not the present owner of the Note and therefore has no right to sell the Property in foreclosure. *Id.* ¶ 15.

In an effort to halt the foreclosure sale, Kidd filed suit in state court on May 8, 2012. Doc. 2-2. Kidd sought declaratory judgments, quiet title, and a refund, fees, and costs. *Id.* Defendants timely removed this action to this Court. Doc. 2. On June 11, 2012, Defendants jointly filed a Motion to Dismiss (doc. 4). Defendants' Motion has been fully briefed by the parties and is ripe for consideration.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

### III.

### ANALYSIS

The Court begins and largely ends its analysis by noting that the entirety of Kidd's theories are based on allegations regarding the assignment by non-parties Allied and/or Chase of the Note and Deed of Trust to Defendant Fannie Mae to which Kidd was neither in privity nor a third-party

beneficiary. Such a foundation clearly inhibits Kidd's ability to state a viable claim for relief. *See Iqbal*, 556 U.S. at 679.

It is now well-established by this Court and others in this Circuit that "borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments." *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 U.S. Dist. LEXIS 88331, at *13 (N.D. Tex. June 26, 2012) (quoting *Garrett v. HSBC Bank USA, N.A.*, No. 3-12-CV-0012-D, 2012 U.S. Dist. LEXIS 66616, at *6 (N.D. Tex. May 11, 2012)); *see DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616 (N.D. Tex. 2011); *Woods v. Bank of Am.*, No. 3:11-CV-1116-B, 2012 U.S. Dist. LEXIS 54449, at *13 (N.D. Tex. Apr. 17, 2012). In this case, Kidd's theories as to why this Court should grant declaratory judgment and find a valid suit to quiet title claim are based entirely on assignments and agreements to which Kidd was not a party. Furthermore, although Kidd is concerned that she may be subject to multiple liabilities of Allied, Chase, and Defendant, Kidd has not even alleged that multiple parties have attempted or will attempt to collect from Kidd, and thus that injury is actual or imminent. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In conclusion, the entirety of Kidd's pleadings rest on alleged violations of agreements for which she does not have standing, and for this reason alone, this action is **DISMISSED**.

## IV.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendants' Motion to Dismiss (doc. 4) Plaintiff's petition.

**SO ORDERED.**

**DATED October 15, 2012**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE